This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Sprenger Retirement Center ("Sprenger"), has appealed a judgment of the Wayne County Municipal Court, which granted Deborah May Mutchler ("Mutchler") $542.84 in compensation. This Court reverses.
 I.
Because Mutchler failed to file a brief with this Court, we will accept Sprenger's statement of facts as correct. App.R. 18(C). Mutchler was employed by Sprenger, a corporation which operates Horn Nursing Center, as a charge nurse at an hourly wage of $12.70. She was hired under an at-will employment agreement.
As a result of an incident that had occurred, Mutchler was placed on probation for 30 days. Mutchler became visibly upset when she was notified about the probationary period and was advised to take the remainder of the day off. Mutchler went home. The following day Mutchler resigned. Pursuant to a provision in the employee handbook which requires employees to give notice of their resignation at least two weeks in advance, Mutchler was compensated in her last paycheck at the minimum wage rate ($5.15).
In response to the reduced pay in her final paycheck, Mutchler sued Sprenger for the difference between the $12.70 and $5.15 wage rate. The trial court found the resignation provision unenforceable, and ruled that Mutchler must have been compensated at the $12.70 per hour wage rate.
Sprenger has timely appealed, and has asserted one assignment of error.
 II. ASSIGNMENT OF ERROR
The Trial Court Erred in Finding That Appellant Owed Appellee Additional Wages, Where Appellee Resigned Her Position Without Notice And With Knowledge Of Appellant's Written Policy Providing An Employee's Wage Rate Would Be Reduced To Minimum Wage For Remaining Time Worked If She Resigned Without Giving Two Weeks Notice.
In its sole assignment of error, Sprenger argues that the trial court erred in determining that Mutchler was entitled to be compensated at the $12.70 hourly wage rate. This Court agrees.
Mutchler received a copy of Sprenger's employee handbook when she was hired, and signed a receipt for the policy. The handbook provision at issue reads:
If an employee should find it necessary to resign, written notice must be received by the appropriate supervisor at least 2 weeks prior to the last day worked. * * * This is necessary to maintain adequate staffing and consistent care for our residents. * * * [A]nyone walking off the job, or quitting without notice shall be * * * paid at minimum wage for any remaining hours worked. Except as protected by law.
Mutchler did not dispute the existence of the policy or her knowledge thereof. Rather, she argued that the two-week notice provision is unenforceable. The trial court agreed, finding that, because the handbook also states that it "is not intended to create nor does it create a binding contract[,]" Mutchler is "entitled to be compensated based upon past performance, i.e. an hourly wage of $12.70 per hour[.]"
Language found in an employee handbook that states that the handbook "is not intended to create nor does it create a binding contract[,]" does not permit an employee to disregard the policy provisions contained in the manual. Rather, such language is incorporated in employee handbooks to avoid any misconceptions that the at-will relationship is anything other than an employment relationship that is terminable at any time, by either party, and for any reason not contrary to law. This is because employee handbooks, company policy and oral representations can be used to demonstrate the existence of an employment contract. Mers v. DispatchPrinting Co. (1985), 19 Ohio St.3d 100, 104.
Mutchler admitted that she was aware of Sprenger's policy against resigning without giving a two-week notice and knew violating the policy could subject her to receiving a reduction in her final pay. Mutchler further admitted that she resigned without giving a two-week notice. After reviewing the record, this Court finds that the trial court erred in finding that the employee handbook resignation provision, which provides that employees will be paid at the minimum wage rate for any remaining hours worked if the employee fails to give a two-week notice of their resignation, was unenforceable.
 III.
The sole assignment of error is sustained. The judgment of the municipal court is reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ____________________________ DONNA J. CARR
SLABY, P.J., WHITMORE, J. CONCUR.